UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LAWRENCE,

      Petitioner,                           Case Number 14-CV-11058

                                            Honorable Patrick J. Duggan

JOE BARRETT,

      Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, GRANTING IN PART AND DENYING IN PART A CERTIFICATE OF APPEALABILITY, AND GRANTING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

## I. INTRODUCTION

This matter is before the Court on Petitioner John Lawrence's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner pled no contest in the Bay Circuit Court to operating a vehicle while intoxicated, third offense, Mich. Comp. Laws § 257.625(7)(a)(ii)). As a result, Petitioner was sentenced to 23-to-60 months. The petition raises four claims which may consolidated into two: (1) Petitioner's plea was involuntary and the result of ineffective assistance of counsel, and (2) the trial court erroneously scored the sentencing guidelines. The Court finds that Petitioner's claims are without merit. Therefore, the petition will be denied. However, the Court will grant Petitioner a certificate of appealability on his first claim and grant Petitioner

permission to proceed in forma pauperis on appeal .

## II.  FACTS AND PROCEDURAL HISTORY

After charges stemming from an automobile accident, Petitioner pled no contest to operating a vehicle while intoxicated, third offense. At his plea hearing, and after some initial confusion, Petitioner acknowledged that he desired to enter into a plea agreement. He denied that he was under the influence of drugs or alcohol. The court indicated that the plea bargain called for a cap of six months on the minimum sentence.

The court asked Petitioner if he wished to consult further with his attorney prior to entering his plea. Petitioner asked the court if he would be able to withdraw the plea at a later date. The court indicated that he would not necessarily be able to withdraw the plea, but Petitioner decided to go ahead with the plea anyway rather than go to trial. The court then allowed Petitioner time to consult with his attorney.

When the hearing resumed, defense counsel indicated that the prosecutor had indicated that the sentencing guidelines called for a minimum sentence ranging between zero and eleven months. The court stated that after reading that an extensive criminal history existed that he would not be able to go along with the six month minimum sentence bargain. The court indicated that it would only be willing to keep Petitioner's sentence within the sentencing guidelines. Defense counsel stated that "to

the best of our knowledge, the guidelines were zero to eleven months." ECF 8-3, p. 11. The court stated to Petitioner that the guideline range had not been calculated yet, but that it would be calculated at the sentencing hearing, "but whatever it is, I'll stay within that guideline range." *Id.* p. 11. Petitioner acknowledged his understanding, and he indicated his desire to continue with the plea.

Petitioner denied that he was influenced by anyone to enter the plea. He indicated his understanding of the terms of the plea agreement as stated on the record. Petitioner denied that anyone had made any promises to him other than what was placed on the record. He also denied that there were any undisclosed threats or promises made to him. Petitioner was then informed of the charges and penalties he faced by entering his plea. He was also informed of the trial rights he would be waiving by entering his plea, and he indicated his understanding and desire to waive them.  The court accepted the plea of no contest, and it found that it was made voluntarily and understandingly.  At the sentencing hearing, the court calculated the guidelines to call for a minimum sentence of 7-to-23 months. The trial court then sentenced Petitioner to 23-to-60 months imprisonment.

Following his conviction and sentence, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> I. Defendant must be re-sentenced to an 11 month jail sentence, or in the alternative to withdrawal of his plea, because the ineffective assistance

of counsel seriously affected the fairness, integrity or public reputation of judicial proceedings.

The Michigan Court of Appeals affirmed Petitioner's conviction by denying his application for leave to appeal "for lack of merit in the grounds presented." *People v. Lawrence*, No. 316561 (Mich. Ct. App. July 2, 2013).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the following claims:

> I. Defendant must be re-sentenced to an 11 month jail sentence, or in the alternative to withdrawal of his plea, because the ineffective assistance of counsel seriously affected the fairness, integrity or public reputation of judicial proceedings.
>
> II. The trial court departed from the guidelines without substantial and compelling reasons. Lawrence's plea was based on an 11 months maximum penalty, so his five year sentence rendered the plea involuntary.

The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Lawrence*, 839 N.W.2d 468 (Mich. 2013) (table).

## III. LEGAL STANDARD

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

-4-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409, 120 S. Ct. at 1521. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11, 120 S. Ct. at 1522.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating

-5-

state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 2066 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 360 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id*. Indeed,

"Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 2796 n.5 (1979) (Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

## IV. ANALYSIS

### A. Validity of Guilty Plea

Petitioner claims that his plea was involuntarily entered and he was denied the effective assistance of counsel because he believed that he would only receive an 11-month jail sentence if he accepted the plea bargain based on the misrepresentations of his attorney. He also asserts that his sentence of 23-to-60 months exceeded the terms of the plea agreement.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. United States*, 397 U.S. 742, 747, 90 S. Ct. 1463, 1468 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748, 90 S. Ct. at 1469. The voluntariness of a plea "can be determined only by

considering all of the relevant circumstances surrounding it." *Id*. at 749, 90 S. Ct. at 1469.  A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id*. at 755, 757, 90 S. Ct. at 1472-73. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

With respect to Petitioner's ineffective assistance of counsel claim, the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), governs. To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In guilty plea cases, the "performance" prong requires a showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59, 106 S .Ct. 366, 369-71 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59, 106 S. Ct. at 370. The petitioner must show "a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." *Id*.

There is no support in the record for the contention that Petitioner was promised a sentence of 11 months in jail. Even if defense counsel erroneously speculated that the trial court would sentence Petitioner to that term, the trial court correctly explained to Petitioner that the only agreement was a sentence within the sentencing guidelines range, as calculated by the court at sentencing. Although a preliminary assessment that the guidelines called for a minimum sentence between zero and eleven months, the court explained that the exact range had not yet been computed and that the sentence would be within the guidelines as computed at sentencing. "[T]he state trial court's proper colloquy can be said to have cured any misunderstanding [Petitioner] may have had about the consequences of his plea." *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). Even if Petitioner's allegations are accepted, the possibility that Petitioner's plea was influenced by an erroneous assessment of the sentencing consequences did not render his plea invalid. *United States v. Broce*, 488 U.S. 563, 572, 109 S. Ct. 757, 763-64 (1989); *accord Stout v. United States*, 508 F.2d 951, 953 (6th Cir. 1975) (stating that "[a] plea is not rendered involuntary merely because a prediction that a guilty plea will result in a light sentence does not come true"); *United States v. Ford*, 15 F. App'x 303, 308 (6th Cir. 2001) (stating that "a plea bargain based upon the hope of a more lenient sentence is not inherently unfair" and that "[u]nfulfilled subjective

-9-

expectations of counsel and a defendant regarding the possible length of sentence do not render an otherwise valid plea involuntary").

Moreover, the trial court informed Petitioner of the rights that he was waiving by pleading guilty and the maximum sentence that he could receive if he pleaded guilty. Petitioner stated that no one had promised him anything other than what was stated on the record, and that it was his choice to plead guilty. These "[s]olemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977), particularly in this case where Petitioner had extensive experience with the criminal justice system due to several prior convictions.

To summarize, Petitioner was aware of the relevant circumstances and likely consequences of his plea. He was informed of the agreement, the rights that he was waiving, and the maximum penalty for his crime. He stated that he understood these aspects of his plea and the fact that he would have one or more convictions as a result of his plea. He also provided a factual basis for his plea, and he stated that it was his choice to plead guilty.

"[I]t is well settled that post-sentencing 'buyer's remorse' is not a valid basis on which to dissolve a plea agreement and 'the fact that a defendant finds himself faced with a stiffer sentence than he had anticipated is not a fair and just reason for

-10-

abandoning a guilty plea." *Moreno-Espada v. United States*, 666 F.3d 60, 67 (1st Cir. 2012) (quoting *United States v. Mercedes Mercedes*, 428 F.3d 355, 359 (1st Cir. 2005) (quoting *United States v. Torres-Rosa*, 209 F.3d 4, 9 (1st Cir. 2000)). Petitioner's "failure to receive the sentence he preferred does not make his plea involuntary when he knew that the sentence he received was a possible outcome of his plea." *Meek v. Bergh*, 526 F. App'x 530, 535 (6th Cir. 2013), cert. denied, 134 S. Ct. 650 (2013). The Court therefore concludes that Petitioner's plea was voluntary and intelligent.

**C. Validity of Sentence**

Petitioner's second claim asserts that his sentence is invalid because the trial court erroneously scored the sentencing guidelines. Though the claim is unexhausted because it was not presented to the Michigan Court of Appeals, the Court will address the merits of the claim. *See* 28 U.S.C. § 2254(b)(2).

Petitioner's sentence is within Michigan's statutory limits, which authorizes a maximum sentence of 1-to-5 years for his conviction. *See* Mich. Comp. Laws § 750.110a. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741, 68 S. Ct. 1252, 1255 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991).

Petitioner's claim that the state trial court incorrectly scored the Michigan Sentencing Guidelines for his sentence is not a cognizable claim for federal habeas review because it is based on an alleged violation of Michigan sentencing law. *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003); *Coy v. Renico*, 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006).   Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would thus not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *Drew v. Tessmer*, 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001).   "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).   Any error by the trial court in calculating Petitioner's guideline score or in departing above his sentencing guidelines range does not merit habeas relief. *Id*. Therefore, Petitioner's claim based on an alleged violation of state sentencing law must be denied.

## V.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner

demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37, 123 S. Ct. at 1039.

While the Court continues to believe that Petitioner is not entitled a writ of habeas corpus for the reasons set forth, the Court believes that the first claim regarding the voluntariness of Petitioner's plea may be "debatable among jurists of reason." For this reason, the Court does not believe that Petitioner should be denied the opportunity to seek appellate review of this issue. With regard to the second claim involving the validity of Petitioner's sentence, the Court concludes that reasonable jurists would not debate the conclusion reached by the Court.

## VI.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED**

-13-

as to Petitioner's first claim and **DENIED** as to Petitioner's second claim.

      **IT IS FURTHER ORDERED** that permission to proceed on appeal in forma

pauperis is **GRANTED**.


                                        s/Patrick J. Duggan
                                        United States District Judge

Dated: February 27, 2015

Copies to:

Joseph Lawrence
Laura Moody, A.A.G.
David Goodkin, A.A.G